# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRIT OF COLUMBIA

| | |
|---|---|
| Deborah Tyndle<br>2633 Stanton Road, SE, #203<br>Washington, DC 20020<br><br>                 Plaintiff<br><br>v.<br><br>Nelson Janitorial Service, LLC<br>1990 Amber Leaf Court<br>Jonesboro, GA 30236<br><br>Serve: Resident Agent<br>Tammy Rena Nelson<br>1990 Amber Leaf Court<br>Jonesboro, GA 30236<br><br>                 Defendant | Case Number: _____ |

## COMPLAINT

Plaintiff, Deborah TYNDLE ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against the above-captioned Defendant, Nelson Janitorial Service, LLC ("Nelson's") for violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the District of Columbia Wage and Hour Law, D. C. Code Ann. (DCWHL) and the District of Columbia Wage Payment and Collection Law D.C. (DCWPCL).

### FACTS COMMON TO ALL COUNTS

1. Plaintiff is a resident of District of Columbia County, District of Columbia.

2. By participating as named Plaintiff in this action. Plaintiff consents to prosecute claims against Defendant under the FLSA, the DCHL and the DCPCA.

3. Nelson's is a Georgia corporation regularly carrying on business in the District of Columbia, where it employed the Plaintiff.

4. At all times relevant to this action the Defendant operated a business in the District of Columbia.

5. Plaintiff began employment working for Defendant on or about June 19, 2015.

6. Plaintiff's employment was terminated on or about July 27, 2016.

7. Plaintiff's rate of pay was $10.25 until June 30, 2016, which is below the minimum wage in the District of Columbia.

8. The Wage Rate should have been at least $10.50 during that time period.

9. Nelson's is a Janitorial Services.

10. Plaintiff was employed in the position of Janitor.

11. Defendant failed and refused to pay Plaintiff the proper amount of minimum wage for the regular time worked for a total of 1,880 hours.

12. Defendant failed to pay $0.25 hour for each hour worked.

13. Defendant failed and refused to pay Plaintiff $536.00 for regular time worked.

14. Defendant also failed and refused to pay 1.5 times the minimum wage rate for hours worked in excess of 40 hours per pay period.

15. From June 19, 2015 (the "Initial Period"), until May 14, 2016, the Plaintiff worked 10 hours each and every workday – five days per week.

16. Three days per week she was accompanied by a co-worker and on those days it was possible for her to take 1 break for ½ hour each day.

17. On the other two days, she worked alone and it was not possible to take more than 1 or 2 short breaks at different times of day of less than 20 minutes each.

18. Rest breaks less than 20 minutes are compensable time and cannot be "docked" against employees pay.

19. Yet, she was paid for only 80 hours in each pay period during the Initial Period.

20. The Plaintiff is owed overtime for 315.00 hours, including deductions for valid rest periods.

21. The Plaintiff is owed $4,961.25 for overtime that was not paid.

22. On information and belief the Defendant's gross revenues exceeded $500,000.00 during the Plaintiff's employment and thus Defendant qualifies as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

23. At all times during Plaintiff's employment, the Plaintiff was an employee who, while engaged in employment duties, handled, sold and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §1206-207.

24. On information and belief, the Defendant failed to keep and maintain records of the wage and hours data pertaining to Plaintiff as required by state and federal law.

25. Pursuant to the foregoing, at all times, Defendant was Plaintiff's "employer" for purposes for all relevant purposes.

26. At all times during Plaintiff's employment Defendant directly supervised and controlled the Plaintiff.

27. At all times during Plaintiff's employment Defendant had the power to hire, fire, suspend and otherwise discipline Plaintiff.

28. At all times during the during the Plaintiff's employment, Defendant was responsible for supervising the Plaintiff's work duties to ensure work was meeting expectations.

29. At all times during the period of Plaintiff's employment Defendant set and

controlled or had the power to set and control the Plaintiff's work schedules and rates of pay.

30. Plaintiff was not an "'exempt" employee under the FLSA, the DCWHL, or the DCWPCA.

31. Defendant' failure to pay Plaintiff, as required by the FLSA the DCWHL, and the DCWPCA, was willful and intentional and not the result of any bona fide dispute.

32. Defendant failed to pay wages as and when due.

33. Defendant failed to pay minimum wage according to law.

34. Defendant failed to pay overtime.

## COUNT I
## Violation of Federal
## Fair Labor Standards Act (minimum wage/overtime)

35. Plaintiff re-alleges each and every allegation set forth above as if each were set forth herein.

36. The FLSA mandates that an employer must pay employees for each and every hour worked and that payment must be made as and when due.

37. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "'employer" under FLSA, 29 U.S.C. § 207(a)(2).

38. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the regular agreed rate for all hours worked.

39. As set forth above, Defendant had knowledge and suffered, required and/or or permitted Plaintiff to work hours without pay.

40. As set forth above, Defendant failed and refused to pay for all hours worked.

41. As set forth above, Defendant failed and refused to pay 1.5 times regular rate for all hours worked over 40 hours per week.

42. Defendant failure and refusal to pay the Plaintiff was willful and intentional and was not in good faith.

43. Defendant failed to pay the minimum wage or the regular wage or overtime.

WHEREFORE, Defendant is liable to Plaintiff under Count I for the amount of $536.00, plus $5,497.25 as overtime unpaid, plus all other unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation DC Wage & Hour Law (minimum wage/overtime)

44. Plaintiff re-alleges each and every allegation set forth in the paragraphs above as if each were set forth herein.

45. Plaintiff was an "employee" and Defendant was Plaintiff's "employers" within the meaning of the DCWHL. As "employer," Defendant was obligated to pay compensation for all hours worked "as and when due" under DCWHL at the minimum wage.

46. Plaintiff performed work duties as described above.

47. Defendant failed to pay any wages.

48. Defendant failed to pay minimum wage or the agreed wage.

49. As set forth above, Defendant failed and refused to pay 1.5 times regular rate for all hours worked over 40 hours per week.

50. At all relevant times, Defendant knew that Plaintiff had been required to work without pay in violation of law.

51. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for all

hours worked and pay at least the minimum wage and to pay 1.5 times the regular rate for all hours over 40 per week.

52. As discussed supra, Defendant had actual and/or constructive knowledge of all hours worked by Plaintiff and nonetheless failed to pay for such time at minimum or the agreed wage.

WHEREFORE, Defendant is liable to Plaintiff under Count II for the amount of $536.00, plus $5,497.25 as overtime unpaid, plus all other unpaid wages in such amounts as are proven at trial, plus liquidated damages in amount equal to two times the total amount of unpaid wages, plus interest (both pre- and post-judgment), plus compensatory damages for lost wages, punitive damages and reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### DC Wage Payment Collection Act (Unpaid Wages)

53. Plaintiff re-alleges each and every allegation set forth in the paragraphs above as if each were set forth herein.

54. Plaintiff was an "employee" of the Defendant.

55. Defendant was obligated to pay to Plaintiff all wages as and when due for his work performed.

56. Defendant failed to pay wages as and when due.

57. Defendant' failure and refusal to pay wages as and when due was not the result of any *bona fide* dispute.

WHEREFORE, Defendant is liable to Plaintiff under Count III for the amount of $536.00, plus $5,497.25 as overtime unpaid, plus all other unpaid wages in such amounts as are proven at

trial, plus liquidated damages in amount equal to two times the total amount of unpaid wages, plus interest (both pre- and post-judgment), plus compensatory damages for lost wages, punitive damages and reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,
HOLZMAN LAW FIRM, LLC

BY: _____
Lawrence R. Holzman
6404 Ivy Lane, Suite 650
Greenbelt, MD 20770
(301) 876-4393
Attorney for Plaintiff

PLAINTIFF'S CONSENT AND VERIFICATION:

I consent to proceed in this matter as set forth above pursuant to Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ('FLSA"), the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-401., et seq. ("MWHL"), and the Maryland Wage Payment and Collection Act, MD. CODE ANN., LABOR & EMPLOY. §§3-501, et seq. ("MWPCA").

_____
Deborah TYNDLE

I SOLEMNLY SWEAR AND AFFIRM UNDER PENALTY OF PERJURY THAT TO THE BEST OF MY KNOWLEDGE INFORMATION AND BELIEF THE FACTS SET FOR THE IN THE FOREGOING COMPLAINT ARE TRUE AND CORRECT.

_____
Deborah TYNDLE

7